# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| | } | |
| PANAYIOTIS DIAMANTIS | } | CASE NO. 00-80241-JAC-11 |
| SSN: XXX-XX-3437 | } | |
| | } | CHAPTER 11 |
| Debtor(s). | } | |
| | } | |
| MICHALIS DIAMANTIS, | } | AP NO. 06-70046-JAC-11 |
| | } | |
| Plaintiff(s), | } | |
| v. | } | |
| | } | |
| PERFECT HOME LLC | } | |
| | } | |
| Defendant(s). | } | |
| | } | |
| PURITAN LACE MFG CO., INC. | } | |
| | } | |
| Third-Party Defendant | } | |

## MEMORANDUM OPINION

This case is before the Court on motion filed by Perfect Home, LLC, to alter, amend or vacate order on partial summary judgment. Perfect Home argues that this Court should alter, amend or vacate its prior order granting partial summary judgment in favor of plaintiff, Michalis Diamantis, on the grounds that the only motions pending before the Court at the time the Court entered partial summary judgment in favor of Diamantis were the motions for summary judgment filed by defendant Perfect Home, LLC and third-party defendant Puritan Lace Manufacturing. Perfect Home asserts that because Diamantis has not filed a motion for summary judgment in this matter, the Court may not enter affirmative relief as to plaintiff, but can only deny the motions for summary judgment filed by the defendant and third-party defendant.

Michalis Diamantis filed a complaint asking the Court in part to determine the amount owed him pursuant to Perfect Home's confirmed Chapter 11 plan dated October 5, 1999.  On April 27, 2007, Perfect Home, LLC, filed a motion for leave of court to file a third party complaint against Puritan Lace Mfg., Co. on the grounds that Puritan and Michalis Diamantis were the only remaining creditors in the bankruptcy estate of Perfect Home, LLC and any adjudication with respect to the amount owed Michalis Diamantis would have a direct bearing upon the amount of the distribution owed Puritan under the terms of Perfect Home's confirmation order.

On July 30, 2007, the Court issued an amended pre-trial order setting this case for trial.  The order required Perfect Home to file a motion for summary judgment and warned that summary judgment would be entered against Perfect Home if the defendant failed to comply with the pretrial order.

On September 11, 2007, Puritan filed a motion for summary judgment against the plaintiff, Michalis Diamantis, and the defendant, Perfect Home.

Perfect Home also filed its motion for summary judgment on September 11, 2007.  Perfect Home alleged in the motion that there was no dispute as to any material fact and that Perfect Home was entitled to summary judgment as a matter of law against plaintiff, Michalis Diamantis, and third-party defendant, Puritan.  On that same date, Perfect Home filed a statement of uncontested facts and a calculation of the pro rata distribution due Diamantis and Puritan.

Michalis Diamantis responded on September 24, 2007 by filing a response to summary of undisputed facts submitted by Perfect Home, an affidavit of Panayiotis Diamantis in opposition to motion for summary judgments filed by Perfect Home and Puritan, a brief in opposition to motions for summary judgment, and plaintiff's exhibit and witness list.

2

On September 24, 2007, Perfect Home also submitted a memorandum of law in support of summary judgment, proposed findings of fact and conclusions of law, and its exhibit and witness list.

On September 25, 2007, Michalis Diamantis filed plaintiff's list of issues to be tried and proposed findings of fact and conclusions of law. Diamantis listed the following issues to be tried:

> 1. What is the correct sum due Michalis Diamantis from bankruptcy estate of Perfect Home, LLC?
>
> 2. What amount due Puritan Lace Manufacturing Co., Inc., from estate of Perfect Home is in default at present?
>
> 3. What is the correct interest rate to be used for calculation of pre-judgment interest due both Michalis Diamantis and Puritan Lace Manufacturing Co., Inc?

Plaintiff addressed each of these issues in detail in its proposed findings of facts and conclusions of law filed contemporaneously therewith.

On September 26, 2007, the Court held a hearing on the motions for summary judgment filed by Puritan and Perfect Home. At the conclusion of the hearing, the Court entered partial summary judgment in favor of the plaintiff, Michalis Diamantis. On October 5, 2007, the Court entered a memorandum opinion finding on partial summary judgment as follows:

> 1. Puritan was not entitled to 12% interest under Alabama statute allowing interest on money judgments. ALA. CODE § 8-8-10 (1975).
>
> 2. Puritan's claim was to be paid as unsecured.
>
> 3. Puritan was entitled to the Alabama statutory rate of 6% interest on its claim after same became due. ALA. CODE § 8-8-1 (1975). Consequently, since $150,000 of Puritan's claim became due on August 17, 2001 and it was not paid until January 22, 2007, it was entitled to 6% interest on that amount from the time due until the time

paid. The balance due Puritan under the plan, $271,085.40, the Court found was not due for a period of 120 months and, thus, not entitled to the Alabama statutory rate of 6%.

Based on these conclusions of law set forth in the memorandum opinion, the Court directed the parties to calculate the respective amounts due Puritan and Michalis Diamantis and submit same to the Court.

Perfect Home now seeks to alter or amend the order based solely on the ground that the plaintiff did not file a motion for summary judgment and was, therefore, not entitled to affirmative relief. Perfect Home asserts that the Court could only deny the motions for summary judgment filed by Perfect Home and Puritan. It is well settled, however, that "courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence."[1] The filing of a formal cross-motion for summary judgment is not necessary where the original movant had an opportunity to show that his opponent is not entitled to judgment as a matter of law.[2]

So long as the losing party has adequate opportunity to present evidence on the issue on which summary judgment is granted, a court may enter summary judgment *sua sponte* in favor of a non-moving party.[3] Granting summary judgement *sua sponte* is appropriate when the evidence before the Court is fully developed, so that the moving party suffers no procedural prejudice.

---

[1] *Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (1986).

[2] *Anderson v. Speaks (In re Cox)*, 200 B.R. 706, 708 (Bankr. N.D. Ga. 1996).

[3] *Rowell v. Chase Manhattan Automotive Fin. Corp. (In re Rowell)*, 359 F.Supp.2d 645, 647 (W.D. Mich. 2004).

In evaluating the adequacy of the record for this purpose, the court should consider whether the moving party had a sufficient reason to present all of the evidence in its favor. . . . If the court is satisfied that all of the relevant evidence has been proffered and its determination of the merits is based solely on its assessment of the issues raised by the moving party, then the threat of procedural prejudice is minimal. [4]

In <u>Artistic Entm't v. City of Warner Robins</u>, 331 F.3d 1196 (11th Cir. 2003), the Eleventh Circuit upheld a district court's *sua sponte* grant of summary judgment finding that formal notice is not always required.

> We have previously emphasized that Rule 56's notice provision "is not an unimportant technicality, but a vital procedural safeguard.... [T]he notice provision ensures that litigants will have at least ten days in which to formulate and prepare their best opposition to an impending assault upon the continued viability of their claim or defense." <u>Massey v. Congress Life Ins. Co., 116 F.3d 1414, 1417 (11th Cir.1997)</u> (citations omitted). We have, however, distinguished between *sua sponte* grants of summary judgment in cases involving purely legal questions based on complete evidentiary records, and cases involving factual disputes where the non-moving party has not been afforded an adequate opportunity to develop the record. For instance, in *Massey,* in reversing the district court's *sua sponte* grant of summary judgment, we distinguished <u>Black Warrior Electric Membership Corp. v. Mississippi Power Co., 413 F.2d 1221 (5th Cir.1969)</u>, emphasizing that *Black Warrior* involved a *sua sponte* grant of summary judgment on a purely legal issue, while the issue upon which the district court granted summary judgment in *Massey* involved a question of fact which the non-moving party had not been afforded an adequate opportunity to develop. *Massey,* 116 F.3d at 1418; *Black Warrior Electric,* 413 F.2d at 1226. Likewise, in <u>Burton v. City of Belle Glade, 178 F.3d 1175 (11th Cir.1999)</u>, we made it clear that where a legal issue has been fully developed, and the evidentiary record is complete, summary judgment is entirely appropriate even if no formal notice has been provided.[5]

Although the Eleventh Circuit makes it clear that the grant of a motion for summary judgment *sua sponte* should not be taken lightly, it is also clear that courts have the power to enter

---

[4] <u>Smith v. Providence Capital Enters., Inc. (In re McMahon), 235 B.R. 527, 538 (S.D.N.Y. 1998).</u>

[5] <u>Artistic Entm't v. Robins</u>, 331 F.3d 1196, 1201-1202 (11th Cir. 2003)(footnotes omitted).

5

summary judgment *sua sponte* even when there is no formal notice under certain circumstances.[6] It is appropriate to enter summary judgment in favor of a non-moving party when:

>(1) purely legal issues are involved;
>
>(2) the evidentiary record is complete; and
>
>(3) the parties have been given the opportunity to respond to such a motion.[7]

Here, at the conclusion of the hearing, the Court found and the parties agreed that there was no dispute as to any material issues of fact involved. Instead, the issues on which the Court ruled were purely legal ones. The Court was asked to interpret the terms of Perfect Home's confirmed plan to determine the correct amount owed by Perfect Home to both the plaintiff, Michalis Diamantis, and Puritan Lace who are the only remaining creditors of Perfect Home. Perfect Home does not contend that it was not afforded ample opportunity to fully develop the record. Each party filed numerous documents with the Court as set forth above and fully developed the evidentiary record before the Court. Although plaintiff Michalis Diamantis did not file a formal cross-motion for summary judgment, the Court finds that Perfect Home and Puritan were on sufficient notice of the issues as set forth in their own pleadings and in the numerous pleadings filed by plaintiff which taken together fully developed the record before the Court. Perfect Home does not contend that it needed additional time to respond to any of the issues on which the Court ruled, but pleads instead to have the order granting partial summary judgment vacated based on outdated hypertechnical pleading rules which this Court will not do.

---

[6] *Brown v. Ables (In re Ables),* 302 B.R. 917, 921 (Bankr. M.D. Fla. 2003) (citing *Burton v. City of Belle Glade,* 178 F.3d 1175, 1204 (11th Cir. 1999); and *Artistic Entertainment*, 331 F.3d at 1201-02).

[7] *Id.*

6

No good would be accomplished by delaying entry of judgment to correct a procedural technicality i.e. having the plaintiff come back in and filing a formal motion for summary judgment. Perfect Home has shown no prejudice other than standing on a procedural technicality.

A separate order will be entered consistent with this opinion.

Dated: October 19, 2007

/s/ Jack Caddell<br>Jack Caddell<br>U.S. Bankruptcy Judge

JAC/mhb

xc:    Debtor(s)

       Robert C. Gammons, attorney for plaintiff(s)

       Jerry Knight, attorney for Puritan Lace Mfg. Co.

       Jackson Duncan, attorney for Perfect Home, LLC